## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### HATCHER LAYNE V. COMMONWEALTH.

March 18, 1926.

1. INJUNCTIONS—*Co-Operative Marketing Association—Enjoining a ·Member for Breach of Contract.*—A Tobacco Growers' Co-Operative Association sued out an injunction against a member, alleging that he had sold part of his crop of 1924 in violation of his contract with the association, and that unless enjoined he would sell the remainder of the crop; and that the crop belonged to the member and was subject to his contract with the association.

    *Held:* That the court had jurisdiction of the subject matter and the parties.

2. INJUNCTIONS—*Co-Operative Marketing Associations—Enjoining a Member for Breach of Contract—Parties.*—In a suit to enjoin a member of a Tobacco Growers' Co-Operative Association from selling his crop to others in violation of his agreement with the association, the fact that his wife who claimed to own·the crop in question was not made a party to the injunction did not, as was claimed, render the injunction null and void. If it affected it at all, it merely made it erroneous.

3. INJUNCTIONS—*Co-Operative Marketing Associations—Enjoining a Member for Breach of Contract—Contempt—Parties.*—A bill upon which an injunction was granted against a member of a Tobacco Growers' Co-Operative Association put in issue the ownership of the tobacco in controversy, and was a sufficient basis for an injunction order prohibiting a member from removing this specific tobacco, regardless of who was the owner thereof. An appeal from the final order in the injunction suit was pending.

    *Held:* That, notwithstanding the member claimed that the tobacco in question was the property of his wife, he was guilty of contempt of court in removing the tobacco.

4. CONTEMPT—*Vacation.*—The right to entertain in vacation a proceeding for contempt is given by sections 4521 and 6309 of the Code of 1919.

Error to a judgment of the Circuit Court of Charlotte county.

*Affirmed.*

The opinion states the case.

*Allen & Weaver*, for the plaintiff in error.

*John R. Saunders, Attorney-General, Leon M. Bazile* and *Lewis H. Machen, Assistant Attorneys-General*, for the Commonwealth.

BURKS, J., delivered the opinion of the court.

Hatcher Layne is a member of the Tobacco Growers Co-operative Association, and under his contract with the association was obliged to deliver to it all of the tobacco grown by or for him, or controlled by him as landlord or lessor, during the years 1922, 1923, 1924, 1925 and 1926. He rented land from his father and delivered the tobacco grown by him for the years 1922 and 1923. Early in the year, probably in January, 1924, he turned over all his personal property, valued at something like $300, to his wife, and hired himself to her at $20 a month for the year 1924. He owned no real estate. The real estate which was formerly rented by him from his father was rented by his wife for 1924, and a crop of tobacco was raised on the land. His wife owned no property except $40 coming to her from her mother's estate. She was the mother of three children under the age of five years, and gave birth to a fourth child in April of that year. She was unable to do any work of consequence in raising the crop of tobacco, although she states that she helped to drop the plants, and also to hold sticks when the tobacco was cut. It is admitted by Hatcher Layne that he did most of the work in raising the crop of tobacco. A good portion of the remaining work was done by a third party, and the price thereof was simply credited to a debt due Hatcher Layne, which he had turned over to his wife. A few days work was done by another party.

In the fall of 1924, Hatcher Layne sold 915 pounds of the crop of tobacco on the open market, and out of it paid the fertilizer bill for that year. This he said he did as agent of his wife. The Tobacco Growers Co-Operative Association then sued out an injunction against him, alleging that he had sold part of the crop of 1924 in violation of his contract with the association, and that unless enjoined he would sell the remainder of the crop; and that the crop belonged to Hatcher Layne and was subject to the contract aforesaid.

A preliminary injunction was granted, prohibiting "Hatcher Layne, his agents, attorneys, employees and representatives from selling, disposing of or delivering to any person, firm, or corporation whatsoever, other than said complainant, all or any part of the tobacco of the 1924 crop produced by or for the defendant, or under his control."

The injunction was aimed at the specific crop of tobacco for the year 1924, raised on the land and claimed by him. After this injunction order was served on him, he consulted counsel as to what his rights were, and counsel advised him that "his wife's renting had been *bona fide;* that it was her tobacco, and that she had a right to dispose of it in any way that she saw fit, but that since the injunction order that was served on him was broad enough possibly to make him guilty of contempt, if he assisted in the marketing or the disposition of the tobacco, it would be well for him to have nothing to do with such marketing." He asked the attorney consulted to represent him, and the attorney testifies that "I told him that if he did not disobey the injunction order there would be no occasion for his requiring an attorney,    *    *    ."

After that another load of tobacco was sent to the open market and sold. This load of tobacco was accompanied by his wife, but not by Hatcher Layne.

It appears, however, from the testimony that the tobacco was carried off the premises about one o'clock at night; that he knew that it was going to be sold; and that it was satisfactory to him for it to be sold. Not only so, but his wife, who was examined as a witness in his behalf, testified that he helped to load the tobacco on the wagon. In answer to the question "Did he help load it?" She said: "Yes, I think he helped a little bit, but I had two more hired and I helped myself to put the last bit on." It thus appears from the testimony that Hatcher Layne acted in direct opposition to the advice of his counsel, and plainly violated the injunction order of the court.

[1] It is claimed by his counsel that the injunction order was void, because the court did not have jurisdiction of the subject matter and the parties.

[2, 3] It is too plain to need the citation of authority that the court did have jurisdiction of Hatcher Layne, and jurisdiction to enjoin him from moving the subject of the litigation. The fact that his wife was not made a party to the injunction suit did not, as is claimed, render the injunction null and void. If it affected it at all, it merely made it erroneous. An appeal from the final order in the injunction suit is now pending before the Special Court of Appeals of this State. The bill upon which the injunction was granted put in issue the ownership of the tobacco in controversy, and it was a sufficient basis for the injunction order prohibiting Hatcher Layne from removing this specific tobacco, regardless of who was the owner thereof.

[4] The right to entertain in vacation a proceeding for contempt is given by sections 4521 and 6309 of the Code.

The judgment of the trial court is affirmed.

*Affirmed.*